IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA EGGAR, WARREN EGGAR, and LUKE PENTACOFF, | |
| Plaintiffs, | Case No. 2:06-cv-01133-RRB |
| vs. | |
| AKAL SECURITY, INC., <u>et al.</u>, | **ORDER GRANTING MOTION TO REMAND AT DOCKET 25** |
| Defendants. | |

## I.    INTRODUCTION

Before the Court are Plaintiffs Barbara Eggar, Warren Eggar, and Luke Pentacoff ("Plaintiffs") with a Motion to Remand at Docket 25.) Plaintiffs argue that the case was improperly removed and that federal question jurisdiction does not exist because their claims are based exclusively on California statutory and common law.[1]

Defendants United Government Security Officers of America, International Union ("UGSOA"), and its Locals 53 and 57

---

[1]    Docket 25 at 3.

("Union Defendants") oppose at Docket 38, arguing that Plaintiffs merely mask their allegations as state claims but that the basis of their action actually lies in federal law.[2]

The Court concludes that it lacks federal question subject matter jurisdiction and accordingly remands this case to the Superior Court of the State of California, County of Sacramento. Because of the adequacy of the parties' briefing, oral argument is not necessary.

## II. BACKGROUND

On April 12, 2006, Plaintiffs Barbara Eggar, Warren Eggar, and Luke Pentacoff filed their Amended Complaint in California Superior Court against AKAL Security, Inc. ("AKAL"), United Government Security Officers of America, Local No. 53, Local No. 57 ("Union Defendants"), and other individual named and unnamed Defendants ("Individual Defendants"). According to the Amended Complaint, "[t]his action is for damages and equitable relief and is brought pursuant to California Gov. Code 12920 et seq., and California Common law."[3]

The Amended Complaint contains eight claims for relief, briefly described as follows: (1) Defamation (against all Defendants), (2) Gender Discrimination and Harassment (brought by

---

[2]    Docket 38 at 2.

[3]    Docket 14-2, ¶ 1.

Barbara Eggar only against AKAL and Individual Defendants), (3) Retaliation (against all Defendants), (4) Intentional Infliction of Emotional Distress, (5) Tortious Discipline (against AKAL only), (6) Violation of Civil Code § 51 et seq. (against UGSOA, Local 53 and 57) (7) Violation of Gov. Code 12940(k)–Failure to Correct (against AKAL only), and (8) Disability Discrimination and Harassment (Violation of the [California] Fair Employment & Housing Act) (against AKAL only–by Barbara Eggar only).[4]

On May 23, 2006, the Union Defendants removed the action to federal court on the grounds that it "purports to assert claims" based on 29 U.S.C. § 185(a), otherwise known as § 301 of the Labor Management Relations Act ("LMRA"),[5] the U.S. Constitution,[6] terms and conditions of employment contained in the collective bargaining agreement ("CBA") between Plaintiffs' employer, AKAL, and UGSOA Local 57, and Title VII of the Civil Rights Act of 1964,[7] and therefore is preempted by the LMRA.[8]   According to the Union

---

[4]   Id., passim.

[5]   Docket 1-1 at 2, ¶ 3.

[6]   Id. at 3 (citing Amended Complaint, ¶ 44, available at Docket 14-2).

[7]   Id. at 4.

[8]   Id. at 3.

Defendants, AKAL and the Individual Defendants consent to removal of this action to federal court.[9]

On August 29, 2006, the Plaintiffs filed the present Motion to Remand to California Superior Court.[10]  On September 26, 2006, Union Defendants filed a Motion for Enlargement of Time to File Opposing Papers.[11]   The Court granted Union Defendants' extension on October 5, 2006.   Union Defendants subsequently opposed Plaintiffs' Motion to Remand.

## III. REMOVAL JURISDICTION

Federal Courts are courts of limited jurisdiction.[12] Federal district courts have original jurisdiction in actions "arising under the Constitution, laws or treatises of the United States."[13]  The removal statute has been narrowly construed by the Courts: It is not enough that a case merely "arise under" federal law.  Rather, for jurisdiction under 28 U.S.C. § 1331, courts insist there be a "substantial" question of federal law involved and that the federal question appear in a well-pled complaint.[14]

---

[9]     Id. at 2, ¶ 5.

[10]     Docket 38 at 1.

[11]     See Docket 28-1.

[12]     Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

[13]     28 U.S.C. § 1331.

[14]     Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th
                                                    (continued...)

Federal courts are presumptiously without jurisdiction over civil actions and the burden of establishing the jurisdiction rests upon the party asserting jurisdiction.[15]  The U.S. Court of Appeals for the Ninth Circuit strictly construes the federal removal statute against removal jurisdiction.[16]  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper"[17] and that "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence."[18]

## IV.  DISCUSSION

### A.  Alleged Violations of Collective Bargaining Agreement

Plaintiffs' Second Claim for Relief alleges that AKAL and the individual Defendants discriminated against Barbara Eggar and retaliated against her because of her gender.[19]  Plaintiffs also allege that Barbara Eggar was subjected to unmerited discipline and constructive termination because of her gender.[20]

---

[14](...continued)
Cir. 1985).

[15]   Kokkomen, 511 U.S. at 377.

[16]   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[17]   Id.

[18]   Id. at 567.

[19]   Docket 14-2, ¶¶ 27-34.

[20]   Id., ¶ 29.

Plaintiffs do not state whether this claim is based on California state law or Title VII of the Civil Rights Act.   In opposing Plaintiffs' Motion to Remand, Union Defendants assume these claims allege violations of both, and thereby assume the existence of a federal question.[21]   However, Union Defendants have the burden of establishing that removal is proper and that federal jurisdiction exists.[22]   Union Defendants fail to demonstrate that Plaintiffs' claims for gender discrimination and harassment necessarily arise under federal law.

Additionally, Union Defendants allege that Plaintiffs' gender discrimination claim, which alleges unmerited discipline and constructive termination, invoke terms and conditions of employment which are governed by a collective bargaining agreement ("CBA").[23] Union Defendants cite U.S. Supreme Court decisions in <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202 (1985) and <u>Avco Corp. v. Aero Lodge No. 735</u>, 390 U.S. 557 (1968) for the principle that claims involving rights and duties contained in collective bargaining agreements, even when they are pleaded solely under state law, are preempted by § 301 of the Labor Management Relations Act.[24]   In

---

[21]    Docket 38 at 3.

[22]    <u>Kokkomen</u>, 511 U.S. at 377; <u>Gaus</u>, 980 F.2d at 566.

[23]    Docket 38 at 3.

[24]    <u>Id.</u>

Allis-Chalmers, the U.S. Supreme Court held "that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, see [Avco, supra], or dismissed as pre-empted by federal labor-contract law."[25]  "Therefore, state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements."[26]

Union Defendants present no evidence, however, that Plaintiffs' claims substantially depend, much less tangentially involve, rights and duties emanating from the CBA.  Rather, Plaintiffs would be able to bring the exact same cause of action for gender discrimination and harassment even if they were not represented by a labor union.  The Supreme Court considers this distinction important: "Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement is pre-empted by § 301 or other provisions of the federal labor law."[27]

---

[25]   471 U.S. at 220 (emphasis added).

[26]   Id. at 213.

[27]   Id. at 211-12 (emphasis added); see also Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, 413 (U.S. 1988) ("as a general proposition, a state-law claim may depend for its resolution upon
(continued...)

In further effort to persuade the Court of the existence of federal preemption of Plaintiffs' claims, Union Defendants cite <u>Warner v. Atkinson Freight Lines Corp.</u>, a U.S. District Court decision from the District of Maine, which "involves employees subject to a CBA who [sued] their employer over the details of a program authorized by the CBA."[28]   The Court, however, finds this case unpersuasive.

In <u>Warner</u>, the plaintiffs' claims arose from the defendant's aborted attempt to create an Employee Stock Ownership Plan ("ESOP") for its employees during the plaintiffs' employment.[29] The CBA was relevant to this claim because it explicitly called for the creation of the ESOP.[30]   The CBA also set for grievance and

---

[27](...continued)
both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state-law analysis would not be thereby pre-empted."); <u>Allis-Chalmers</u>, 471 U.S. at 208 n.4 ("We cannot declare pre-empted all local regulation that touches or concerns in any way the complex interrelationships between employees, employers, and unions; obviously, much of this is left to the States.") (citing <u>Motor Coach Employees v. Lockridge</u>, 403 U.S. 274, 289 (1971)); <u>id.</u> at 220 ("Nor do we hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by § 301.").

[28]   350 F. Supp. 2d 108, 121-22 (D. Maine 2004).

[29]   <u>Id.</u> at 113.

[30]   <u>Id.</u>

arbitration procedures for the ESOP.[31]   Significantly, the court actually considered specific provisions of the CBA, which defendants submitted, for the purpose of deciding the plaintiffs' motion to remand.**[32]**

Even so, the Court in <u>Warner</u> ultimately concluded that "it is impossible to say with any certainty that either a duty arising out of the CBA is implicated or that interpretation of the CBA will be required"[33] and instead found federal jurisdiction on grounds unrelated to the CBA.[34]

The parties asserting federal jurisdiction in <u>Allis-Chalmers</u>, <u>Avco</u>, and <u>Warner</u> all presented relevant provisions of the CBA and demonstrated how they related to the plaintiffs' claims.[35] In contrast, Union Defendants, in the case at bar, have neither submitted the CBA, nor adequately outlined its specific terms and conditions.  The Court concludes that Union Defendants fail to meet their burden by merely alleging the existence of a CBA relating to Plaintiffs' claims, without demonstrating that those provisions govern Plaintiffs' claims.

---

[31]   <u>Id.</u>

[32]   <u>Id.</u> at 112.

[33]   <u>Warner</u>, 350 F. Supp. 2d at 124.

[34]   <u>Id.</u> at 125-27.

[35]   See <u>Allis-Chalmers</u>, 471 U.S. at 204 ; <u>Avco</u>, 390 U.S. at 558; <u>Warner</u>, 350 F. Supp. 2d at 112.

**B.   Alleged Violation of Duty of Fair Representation**

Plaintiffs' Third Cause of Action alleges that all Defendants, including Union Defendants, retaliated against them for raising complaints about discrimination, illegal conduct, and safety violations.[36]   Plaintiffs do not indicate whether they seek redress under state or federal law.

Union Defendants, in opposing Plaintiffs' motion to remand, assume that this claim arises under federal law.[37]   It is not, however, sufficient for Union Defendants to assume that Plaintiffs assert federal causes of action.   Union Defendants have the burden of establishing that removal is proper and that federal jurisdiction exists.[38]   With respect to Plaintiffs' cause of action for retaliation, Union Defendants fail to meet their burden.

Additionally, Union Defendants argue that references in Plaintiffs' Amended Complaint indicating that Plaintiffs are "Beck objectors"[39] amount to a claim by Plaintiffs that Union Defendants

---

[36]   Docket 14-2, ¶¶ 35-38.

[37]   Docket 38 at 4.

[38]   Kokkomen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[39]   See Docket 14-2, ¶¶ 4, 8, and 9.   Plaintiffs' reference to being Beck objectors is derived from the U.S. Supreme Court's decision in Communication Workers v. Beck, 487 U.S. 735 (1988), wherein the Court held that union members can be required to be "financial core members" of the union but have the right to restrict expenditure of their duties to collective bargaining, contract administration, and grievance adjustment activities.   Such (continued...)

breached a duty of fair representation which raises a federal question.[40]  Plaintiffs, however, request that all references to "Beck objectors" be stricken from the Amended Complaint because these references are immaterial to Plaintiffs' claims.[41]  Pursuant to Federal Rule 12(f), the Court orders these statements so stricken.

**C.   LMRA § 301 Hybrid Action**

Union Defendants argue that this case is a "hybrid" action under § 301 of the National Labor Relations Act because Plaintiffs' claims against Union Defendants arise from the CBA and include an allegation of breach of a duty of fair representation.[42]

However, for the reasons set forth in Sections IV.A. and IV.B., supra, the Court finds that Union Defendants fail to make the requisite showing that the complaint requires an interpretation of the CBA, or that Plaintiffs have a claim against the Union for Violation of the Duty of Fair representation.

//

//

---

[39](...continued)
employees are refereed to as "Beck objectors."

[40]     Docket 38 at 4-5.

[41]     Docket 43 at 3 n.1 (citing Amended Complaint, ¶¶ 6, 8, and 9, available at Docket 14-2).

[42]     Docket 38 at 6.

ORDER GRANTING MOTION TO REMAND - 11
2:06-CV-01133-RRB

**D.    Alleged Violations of U.S. Constitution**

In their Fifth Cause of Action (for tortious discipline), Plaintiffs assert that "[t]he actions of AKAL . . . violate public policy including the Fair Employment and Housing Act, and the Constitution of the United States of America."[43]   In opposition to Plaintiffs' Motion to Remand, the Union Defendants argue that this allegation expressly invokes the original jurisdiction of the federal courts.[44]

Plaintiffs reply that they inadvertently mentioned the Constitution of the United States as only one of several public policies violated by AKAL.[45]   Additionally, Plaintiffs argue that since the allegation of tortious discipline is only asserted against AKAL, the Union Defendants have no standing to oppose remand on this claim.[46]

Nevertheless, Plaintiffs request the statement "Constitution of the United States" be stricken from paragraph 44 of Plaintiffs' Amended Complaint.   Pursuant to Federal Rule 12(f), the Court orders this statement stricken from paragraph 44 of Plaintiffs' Amended Complaint.

---

[43]    Docket 14-2, ¶ 44.

[44]    Docket 38 at 6.

[45]    Docket 43 at 4.

[46]    Id.

**E.   Federal Jurisdiction and Removal**

Union   Defendants   argue   that   they   have   original jurisdiction over this matter because Plaintiffs' claims arise under acts of Congress which regulate commerce.[47]   However, as discussed above, <u>supra</u> Sections IV.A. through IV.D., the Court is not persuaded that Plaintiffs' claims necessarily arise under federal law.

**F.   Concurrent Jurisdiction**

Union Defendants argue that if the Court determines that state and federal courts have concurrent jurisdiction in the case bar, the Court must retain jurisdiction.   As discussed above, the Court finds that Union Defendants have not met their burden of demonstrating federal jurisdiction.   Therefore, the Court need not address Union Defendants' concurrent jurisdiction argument.

**V.   CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Remand is **GRANTED**.   The case is remanded to the Superior Court of the State of California, County of Sacramento, for further proceedings.   All remaining motions are denied as moot.

ENTERED this 20th day of October, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[47]   Docket 38 at 6-8.